| | |
|---|---|
| 1 | BECK & LEE TRIAL LAWYERS |
| | JARED H. BECK (233743) |
| 2 | ELIZABETH LEE BECK (233742) |
| | Corporate Park at Kendall |
| 3 | 12485 SW 137th Ave., Suite 205 |
| | Miami, Florida 33186 |
| 4 | Telephone: (305) 234-2060 |
| | Facsimile: (786) 664-3334 |
| 5 | jared@beckandlee.com |
| | elizabeth@beckandlee.com |
| 6 | [*Additional Counsel Identified On Signature Page*] |
| 7 | Attorneys for Plaintiff |
| | NICOLAS TORRENT |
| 8 | |
| 9 | SQUIRE PATTON BOGGS (US) LLP |
| | Matthew Digby (State Bar # 113415) |
| 10 | matthew.digby@squirepb.com |
| | Adam R. Fox (State Bar # 220584) |
| 11 | adam.fox@squirepb.com |
| | Stacie D. Yee (State Bar # 223544) |
| 12 | stacie.yee@squirepb.com |
| | Helen H. Yang (State Bar # 241170) |
| 13 | helen.yang@squirepb.com |
| | 555 South Flower Street, 31st Floor |
| 14 | Los Angeles, California 90071 |
| | Telephone:  +1 213 624 2500 |
| 15 | Facsimile:   +1 213 623 4581 |
| 16 | Attorneys for Defendant |
| | Yakult U.S.A. INC. |
| 17 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | NICOLAS TORRENT, on Behalf of Himself and All Others Similarly Situated, | Case No. 8:15-cv-00124-CJC-JCG |
| 22 | | **JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** |
| 23 | Plaintiff, | Judge: Hon. Cormac J. Carney |
| 24 | v. | Date Action Filed: January 27, 2015 |
| 25 | YAKULT U.S.A. INC., | |
| 26 | Defendant. | |

JOINT RULE 26(F) REPORT

010-8142-6452/1/AMERICAS

Pursuant to this Court's Notice of Intent to Issue a Scheduling Order [Docket 30], Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26") and Central District of California Local Rule 26-1, the parties hereto, plaintiff Nicolas Torrent ("Mr. Torrent") and defendant Yakult U.S.A. Inc. ("Yakult USA"), by and through their respective counsel, make the following report on their early meeting.

**1.   Conference of the Parties:**

Counsel for each of the respective parties conferred telephonically on August 25, 2015 and August 31, 2015, and discussed the subjects prescribed by Rule 26 and Local Rule 26-1. Jared Beck, Cullin O'Brien and Antonino Hernandez participated on behalf of Mr. Torrent and Stacie Yee and Helen Yang participated on behalf of Yakult USA.

**2.   Complex Litigation (Local Rule 26-1(a)):**

The parties agree the case is not appropriate for classification as complex litigation and there is no need to use any part of the Manual for Complex Litigation.

**3.   Factual Summary of the Case:**

(a)   Mr. Torrent's Summary of the Case

This is a straightforward false advertising case regarding the Defendant's namesake beverage, Yakult. The word "yakult" means yogurt in the Esperanto language, but Defendant claims it is a "fermented skimmed milk drink." Defendant distinguishes its Yakult product from other similar refrigerated yogurt products through voluntary claims about the "digestive health" benefits consumers will sustain as a result of consuming Yakult. Plaintiff brings this lawsuit under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§17200, *et seq.*, on behalf of California Yakult purchasers, alleging that Defendant's "digestive health" marketing and advertising is false and likely to deceive reasonable consumers. [Dkt. No. 20].

(b)     Yakult USA's Summary of the Case

The target of Plaintiff's false advertising claim in this case is Yakult USA product packaging because it includes a sentence—on the back label and in fine print sandwiched within a paragraph containing two other sentences on each side—that states the following: "*Drink one or two bottles daily to help balance your digestive system and maintain overall health.*" Each bottle of Yakult USA's probiotic beverages Yakult and Yakult Light contain around 8 billion living *Lactobacillus casei* Shirota cultures. For more than 75 years, these cultures—which are distinct from those in yogurt (21 C.F.R. § 131.200)—and the beverages sold by Yakult USA in which they are ingredients, have been subjected to intense study. The result has been numerous published articles that have withstood the scientific scrutiny of peer review. This extensive body of scientific literature demonstrates that the claim characterized as false by Plaintiff is, in fact, true.

Moreover, the longstanding presence of Yakult-branded beverages in the marketplace, and the low-profile placement and unemphatic phrasing of the language upon which Plaintiff seizes, deprives it of providing for Plaintiff the reliance required to sustain his claim.

4.      **Anticipated Motions and Motion Schedule (Local Rule 26-1(b))**:

*Mr. Torrent*:

A.      Motion for Class Certification

motion due December 22, 2015

response due January 18, 2016

reply due February 8, 2016

Plaintiff takes the position that there is no procedural defect on class certification under the local rule and that Defendant's interpretation of the local rule is wrong for many reasons. The rule speaks to service of "a pleading purporting to commence a class action," and thus, retriggers where there are multiple pleadings in

a case. Plaintiff filed the operative pleading on July 27, 2015, including by order of the Court. 90 days since then has not passed.

None of the orders Defendant cites appear to deal with the scenario where the 90 clock is retriggered by a new operative pleading **_that was ordered to be filed by the Court_**, as here. *See Henson v. Fidelity Nat. Financial Inc.,* 300 F.R.D. 413, 417 (C.D. Cal. 2014) (8 month delay from operative pleading); *Bowers v. First Student*, *Inc.*, No. 2:14–CV–8866–ODW (Ex), 2015 WL 1862914, at *2-*3 (C.D. Cal. Apr. 23, 2015) (party moved to extend 90 day clock 10 days after clock expired); *Dix v. Nova Benefit Plans, LLC,* No. 2:14-cv-08678-AB-FFM [Dkt. No. 34] (C.D. Cal. Apr. 16, 2015) (order to show cause regarding failure to meet 90 day deadline). Oddly, Defendant does not cite all orders from the *Dix* case on the issue of class certification. Defendant limits its citation to an April 2015 order to show cause. But less than a month later, the *Dix* court went on to reject striking Plaintiff's class action allegations despite failing to abide by the 90 day deadline. *Dix*, [Dkt. No. 42] (C.D. Cal. May 4, 2015). Plaintiff has pointed out this subsequent order from *Dix* to Defendant.

For these and other reasons, Defendant waived the position that the 90 day rule applies in the way Defendant interprets the rule (despite what is in the answer) and is estopped from making the argument now, given the amount of time and effort put forward by the parties and the Court treating this as a case where Plaintiff would be seeking class certification. *See*, *e.g.*, *Torrent v. Yakult U.S.A., Inc.*, No. 8:15-cv-00124-CJC-JCG, 2015 WL 4335076, at *4 (C.D. Cal. July 14, 2015) (discussing putative class definition). In this manner, there is no prejudice to Defendant in allowing Plaintiff to file a motion for class certification. *See*, *e.g.*, *Delarosa v. Borion, Inc.*, 275 F.R.D 582, 585 n.1 (C.D. Cal. 2011) ("Defendant has failed to argue that it would be prejudiced by the allowance of the Motion"). In fact, the parties held two separate conferences where the Defendant never once raised any concerns regarding the 90 day class certification deadline.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Practically, moreover, the parties only had the scheduling conference recently, and the time to take discovery has only just begun. Courts in this district can *nunc pro tunc* the 90 day rule as it relates to scheduling conferences. *See, e.g., Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993-994 (C.D. Cal. 2008) ("[T]hrough no fault of Plaintiffs, the 90 day cut-off contemplated by the Local Rules occurred prior to the Rule 16 scheduling conference. Thus, the case schedule and the motion deadlines had not yet been laid out between the parties."). The *Dix* case that Defendant cites acknowledged the *Misra* case in declining to strike class action allegations beyond the 90 day deadline.

B. <u>Motion for Summary Judgment</u>

    motion due March 7, 2016

    response due April 8, 2016

    reply due April 18, 2016

C. *Daubert* <u>Motion(s)</u>

    motion(s) due March 7, 2016

    response(s) due April 8, 2016

    repl(ies) due April 18, 2016

D. <u>Motion(s) in Limine</u>

    motion(s) due May 9, 2016

    response(s) due May 16, 2016

    repl(ies) due 15 May 23, 2016

***Yakult USA***:

Yakult USA currently does not intend to file any motions seeking to add parties or claims, requesting leave to file amended pleadings, or to transfer venue. Yakult USA anticipates bringing a dispositive motion. Yakult USA proposes the

///

///

///

following dates for filing motions, with briefing schedules set according to the governing rules:

<u>Adding New Parties Deadline</u>:  December 21, 2015

<u>Dispositive and Daubert Motions Deadline</u>: August 15, 2016 (after the proposed close of fact and expert discovery)

Mr. Torrent has proposed a briefing schedule for a class certification motion, but his deadline to file such motion has passed.  Local Rule 23-3 provides in unambiguous terms that,

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

"The title of any pleading purporting to commence a class action shall include the legend: '(Title of Pleading) Class Action.'"  Local Rule 23-1.  On January 27, 2015, Plaintiff filed his Complaint, which included the following caption: "Pleading Type: Class Action" and "CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL."

"Any pleading purporting to commence a class action shall contain a separate section entitled 'Class Action Allegations.'"  Local Rule 23-2.  Plaintiff's January 27, 2015 Complaint also included a separate section entitled "Class Action Allegations." [Docket 1, p. 8.]

On February 13, 2015, Plaintiff served its January 27, 2015 complaint on Yakult USA.  [Docket 12 (Proof of Service).]  Ninety days from February 13, 2015—the deadline by which Plaintiff had to file a motion for class certification—was May 14, 2015. That deadline passed. No amended pleading later filed by Plaintiff purports to commence a class action; they amended the pleading that performed this function. Moreover, Plaintiff has never sought or obtained a stipulation from Yakult USA or an order from this Court extending the deadline.

*See, e.g., Henson v. Fid. Nat'l Fin. Inc.*, 300 F.R.D. 413, 417 (C.D. Cal. 2014) (denying class certification for tardiness, explaining that "Rule 23-3 provides a fairly rigid timing requirement, [and] a putative class representative may not simply ignore it. Neither may the Court."); *see also, e.g., Bowers v. First Student Inc.*, 2015 U.S. Dist. LEXIS 54238, at *8 & *9 (C.D. Cal. Apr. 23, 2015) (discussing the "significant precedent that supports striking class allegations from a complaint when a plaintiff has failed to move for class certification in a timely manner" and faulting Plaintiffs for not having "asked for an extension before the deadline"); *Dix v. Nova Benefit Plans, LLC*, 2015 U.S. Dist. LEXIS 50364, at *3 n.2 (C.D. Cal. Apr. 16, 2015) (deeming of no moment the fact that plaintiffs requested a later deadline in the parties' Joint Rule 26 Report, because that report "is not a written motion" and was, in any event, filed "several weeks after their deadline to move for class certification had already passed"). Plaintiff cites *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993-994 (C.D. Cal. 2008), which supports no different rule. *Id.* (excusing plaintiffs from Local Rule 23-3 based in part on the parties' *joint* recommendation for a later class certification discovery and hearing cutoff in their joint report). Additionally, among other things, the Order by the *Dix* Court cited by Plaintiff stressed that the proffered reasons "for [plaintiffs'] failure to move for class certification fail to rise to the level of excusable neglect." *Dix*, [Dkt. No. 42] (C.D. Cal. May 4, 2015). The *Dix* Court only granted relief because Defendants *consented* to a class certification deadline well beyond the deadline imposed by Local Rule 23-3. *Id.* Yakult USA has never consented to and does not consent to a deadline beyond that imposed by Local Rule 23-3. In any event, Yakult USA believes that the disputed issues of any class certification motion should not be resolved by this Court absent a noticed motion.

5. **Settlement and Settlement Mechanism (Local Rule 26-1(c)):**

The parties prefer ADR Procedure No. 3 pursuant to Local Rule 16-15.4. No mediator has been selected.

Yakult USA believes that the Court should impose a mediation deadline that is no earlier than six (6) months before the trial date.

### 6. Trial Estimate (Local Rule 26-1(d)):

Mr. Torrent estimates that the trial will last approximately 2 weeks. Yakult USA estimates that a trial would last approximately 5 trial days. Yakult proposes a trial commencement date of January 9, 2017.

### 7. Additional Parties (Local Rule 26-1(e)):

Mr. Torrent may add additional party defendants, including retailers and/or advertisers aware of the falsity of the digestive health message.

Yakult USA currently does not intend to add parties, and its proposed cut-off date to add additional parties is set forth in No. 4 above.

### 8. Proposed Timing of Expert Witness Disclosures (Local Rule 26-1(f)):

*Mr. Torrent*:

Deadline for disclosing expert witnesses: November 27, 2015

*Yakult USA*:

Yakult USA proposes that expert witness disclosures occur on March 31, 2016, after the proposed close of fact discovery. Opposing expert witness disclosures would be made on April 30, 2016. Rebuttal expert reports may be submitted, but no later than May 31, 2016. All expert discovery, including depositions, shall be completed by July 15, 2016.

### 9. Discovery and Experts (Rule 26(f)(2), (3)):

(a) <u>Initial Disclosures</u>: Mr. Torrent and Yakult USA will exchange the initial disclosures required by Rule 26(a)(1) on September 14, 2015.

(b) <u>Subjects of Discovery</u>: The subjects on which discovery should be completed include, but are not necessarily limited to, the following:

***Mr. Torrent***:

    (i) the materiality of Yakult's health claims

    (ii) scientific research regarding Yakult's health claims

    (iii) damages

***Yakult USA***:

    (i)    Scientific studies and other research regarding *Lactobacillus casei*, *Lactobacillus casei* Shirota, probiotics, Yakult, and Yakult Light.

    (ii)    Mr. Torrent's overall health.

    (iii)    Maintenance of Mr. Torrent's digestive health.

    (iv)    What was actually reviewed and relied upon by Mr. Torrent prior to completing each purchase he made of Yakult and/or Yakult Light.

    (v)    Mr. Torrent's purchasing history of Yakult products.

    (vi)    Mr. Torrent's purchasing history regarding other foods or beverages that relate to digestive maintenance and overall health.

    (vii)    Mr. Torrent's research into the relationship of foods and beverages to health.

    (viii)    Mr. Torrent's other false advertising claim lawsuit(s).

    (ix)    The subjects set forth in Yakult USA's affirmative defenses.

    (x)    The alleged harm and damages suffered by Mr. Torrent;

    (xi)    Other issues set forth in Yakult USA's document requests, requests for admission and interrogatories already served upon Mr. Torrent.

    (c)    <u>Phases or Limitations on Discovery</u>:

***Mr. Torrent***:

Discovery should not be broken into phases and should not be subject to any limitations not set forth under the Federal and Local Rules.

*Yakult USA*:

Yakult USA proposes that the close of fact discovery come before the close of expert discovery. See Section 9(f) below. Yakult USA does not believe it is necessary at this time to deviate from the limitations on discovery set forth in the Federal Rules and Local Rules.

(d) Issues Regarding Discovery, Disclosure or Preservation of ESI:

*Mr. Torrent*:

Plaintiff's counsel have been attempting to coordinate with defense counsel on ESI protocols since sending a detailed ESI protocol letter on July 27, 2015. The parties have had some discussion regarding ESI protocols. However, the parties have not yet agreed on who the proper ESI custodians will be or what the ESI search terms will be. Judicial intervention will be necessary to resolve the impasse.

*Yakult USA*:

During the parties' August 25, 2015 telephonic discussion, Yakult USA's counsel (including its co-chair and director of eDiscovery and data management) specifically addressed the production of electronically stored information. In no uncertain terms, Plaintiff's counsel was advised that Yakult USA has complied, and will continue to comply, with its discovery obligations. Although Plaintiff's counsel complains that the parties have not reached an agreement about an ESI protocol despite the delivery of Plaintiff's July 27, 2015 letter, Plaintiff neither included in that letter nor in any other communication a proposal for such a protocol or a list of proposed "search terms." Moreover, counsel for Yakult USA has not yet determined the most appropriate method for identifying documents for production, and whether use of search terms or an alternative form of technology assisted review—like predictive coding—would be most efficient and effective.

The issue of the most appropriate ESI protocol is complicated by the fact that English is not the primary language for many of Yakult USA's representatives, and the resultant difficulties with searching and coding documents not written in

English. It is therefore premature to require a specific method of ESI, and inappropriate for Plaintiff to question or attempt to enforce an uncertain and undefined process by which Yakult USA and its counsel identify documents for production—particularly without Plaintiff's counsel having even received any production that they believe to be inadequate for some reason that is anchored in something other than speculation.

On a related note, Yakult USA requested that it be given 60 days to respond to any discovery propounded by Mr. Torrent to accommodate foreign language issues, and Mr. Torrent's counsel agreed to this accommodation.

It should also be noted that the undefined nature of the ESI protocol that either Yakult—or Mr. Torrent—may employ to identify documents for production has not prevented the parties from agreeing upon the form of production concerning electronically stored information. In this regard, Yakult USA has already advised Plaintiff's counsel that it will produce documents, consistent with Plaintiff's request, in single-page TIFF images (with the exception of certain spreadsheet/audio/video files).

Plaintiff's July 27, 2015 letter also sought premature, informal discovery of the identity of all custodians of potentially discoverable information. Yakult USA does not see any need for judicial intervention, and Plaintiff has failed to articulate the basis for any such motion.

(e)  <u>Issues Regarding Claims of Privilege or of Protected Materials</u>:

The parties agree that a protective order governing the confidentiality of documents produced in this matter must be in place prior to the production of documents. Plaintiff's counsel have sent defense counsel a model confidentiality order from the *YoPlus* litigation that took place before this Court. Plaintiff's counsel await defense counsel's position on whether they accept that model or propose a specific other model.

(f) Proposed Cut-Off Dates:

*Mr. Torrent*:

Deadline for factual and expert discovery: February 26, 2016

*Yakult USA*:

Yakult USA proposes the following cut-off dates for discovery:

<u>Close of Fact Discovery</u>[1] and <u>Document Production</u>: February 28, 2016

<u>Close of Expert Discovery</u>: July 15, 2016

(g) Additional Matters:

The parties are at an impasse on custody, control and possession issues as it relates to Defendant and its corporate parent and other subsidiaries. Plaintiff's counsel take the position that Defendant should be able to access documents and information from its corporate parent and other subsidiaries, in response to discovery requests. Plaintiff's counsel note that Defendant will likely attempt to utilize scientific studies that are in the possession, custody and control of its corporate parent and the other subsidiaries, and thus, for example, Defendant should also produce marketing studies in the possession, custody and control of its corporate parent and other subsidiaries. Defense counsel disagree. It appears that judicial intervention will be necessary to resolve the extent to which Defendant can object to discovery requests based on possession, custody and control issues.

Only Yakult USA is a named defendant. Yakult USA has advised that it will produce all documents within its possession, custody and control. Plaintiff's request for discovery from other entities can be satisfied by following the federal rules which outline a procedure for such third-party discovery. Yakult USA cannot agree to circumvent those rules on behalf of third parties. Yakult USA does not see any need for judicial intervention on this issue.

---

[1] All motions to compel shall be filed such that a hearing on the motions will occur no later than February 28, 2016.

Plaintiff anticipates filing early motions for summary judgment, including on the issue of the burden of proof as to Plaintiff's UCL claims, including a lack of substantiation and practical impossibility. *See*, *e.g.*, *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc*., 107 Cal.App. 4th 1336, 1340-1348 (Cal. Ct. App. 2003). An early ruling by this Court on the burden of proof on Plaintiff's UCL claims will efficiently vector this litigation, including the parties' respective goals and uses of expert testimony. It will also avoid having this unsettled issue complicate matters as the case approaches and goes to trial.

Plaintiff has not yet met and conferred with Yakult USA on his proposed early motions for summary judgment, so it is unclear to Yakult USA what precise relief Plaintiff intends to seek. The case cited by Plaintiff confirms that the burden of both production and proof falls squarely on the Plaintiff in false advertising cases like this one. Specifically, the court in that case noted that "[u]nder current California law, the plaintiff in a false advertising action has the burden of producing evidence to prove the allegations of the complaint that the challenged advertising is false or misleading." *Nat'l Council Against Health Fraud, Inc*., 107 Cal. App. 4th at 1345. Although the court also mentioned, in passing, that—at the time of the decision—"[t]he Legislature ha[d] indicated an intent to alter the burden of substantiating advertising claims only with respect to prosecuting authorities," the court further noted there is "no persuasive argument that would justify a change in the existing burden of production as to private plaintiffs." *Id.* at 1345-46. The court similarly explained that although there are "rare occasions" in which "courts have altered the normal allocation of the burden of proof" based on a "policy judgment," the "[p]ublic policy . . . has been clearly established by the Legislature" in false advertising cases. *Id* at 1346 & 1347. In this area, "the Legislature has confirmed that the burden of proof rests with the plaintiff in false advertising actions." *Id.* at 1347. Based on this authority, Yakult USA sees no basis for a motion.

Dated:  September 14, 2014

BECK & LEE TRIAL LAWYERS

By: /s/ Jared H. Beck
Jared H. Beck
Elizabeth Lee Beck
Attorneys for NICOLAS TORRENT

Additional Counsel for Nicolas Torrent:
CULLIN O'BRIEN LAW, P.A.
CULLIN O'BRIEN
(admitted *Pro Hac Vice*)
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Telephone: (561) 676-6370
Facsimile: (561) 320-0285
cullin@cullinobrienlaw.com

ANTONINO G. HERNANDEZ P.A.
ANTONINO G. HERNANDEZ
(*Pro Hac Vice* application forthcoming)
4 SE 1st Street, 2nd Floor
Miami, Florida 33131
Telephone: (305) 282-3698
Facsimile: (786) 513-7748
Hern8491@bellsouth.net

Dated:  September 14, 2015

SQUIRE PATTON BOGGS (US) LLP

By: /s/ Adam R. Fox
Adam R. Fox
Attorneys for Defendant
Yakult U.S.A. INC.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071